*5/14/07*
*Adopted without*
*qualification*
*So ordered*
s/ Chief Judge Raymond J. Dearie

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

FRANK ROGERS,

               Plaintiff,      REPORT AND
                               RECOMMENDATION

     - against -         05-CV-1368 (RJD)(MDG)

JO ANNE B. BARNHART, as COMMISSIONER
OF SOCIAL SECURITY,

               Defendant.

- - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

    Plaintiff Frank Rogers ("plaintiff") brought this action to challenge the denial of his application for disability benefits by the Commissioner of Social Security (the "Commissioner" or "defendant"). After the Honorable Raymond J. Dearie granted plaintiff's motion for judgment on the pleadings and remanded the case solely for the calculation of benefits, he referred to me plaintiff's motions for an award of attorneys' fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b), and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). On July 19, 2007, the parties filed a stipulation agreeing to an award of fees under the EAJA in the amount of $7,000, which Judge Dearie "so ordered" on July 20, 2007. See ct. doc. 42. The issue that remains is the amount of fees plaintiff is entitled to recover under section 406(b).

DISCUSSION

Unlike the EAJA, which allows the prevailing party to recover attorneys' fees from the losing party, the SSA authorizes attorneys' fees payable from the prevailing claimant's recovery. See 42 U.S.C. § 406(b). Under section 406(b), such fees may not exceed 25 percent of the benefits recovered. See id. Besides placing a 25 percent limit on contingent fee agreements, section 406(b) also requires the court to determine whether the fee sought is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 797 (2002) ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Although a court may award attorneys' fees under both statutes, the claimant's attorney must refund to the claimant the smaller amount awarded. See id. Plaintiff's counsel, Josephine Gottesman, represented that if plaintiff is awarded fees under both statutes, counsel would remit the lesser of the two awards to plaintiff. See Mem. of Law in Support of Plaintiff's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (ct. doc. 30) at 4.

The retainer agreement between plaintiff and his counsel provides for a fee equal to 25 percent of the benefits awarded. See Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("406(b) Petition") (ct. doc. 29), Exh. 2. Plaintiff's counsel requests fees of $7,782.50, an amount equal to 25 percent of

-2-

plaintiff's retroactive benefits, which apparently has been withheld by the Commissioner from plaintiff's past due benefits for attorneys' fees. See 406(b) Petition at ¶ 27. Plaintiff's motion for these fees is unopposed.

After review of the record, I find that the amount requested pursuant to the retainer agreement is reasonable. Besides this action, Ms. Gottesman represented plaintiff in an earlier related action filed on January 14, 2000 seeking review of the same denial of benefits granted herein. See Rogers v. Apfel, 00-CV-0029 (RJD). In both actions, counsel filed memoranda on behalf of plaintiff opposing remand and seeking judgment on the pleadings. According to her time records, Ms. Gottesman worked a total of 94.9 hours litigating these two actions. See Petition for Attorney Fees Pursuant to 28 U.S.C. § 2412(d) (ct. doc. 27), Exh. 3. Even though Ms. Gottesman may be time barred from seeking fees under the EAJA for work performed in the earlier action, I find that almost all of the time claimed for work in both cases was reasonable. If Ms. Gottesman were compensated at the hourly rate available under the EAJA (rather than the higher prevailing rates in this district for attorneys with her 15 years' experience) for only 80% of her time, the amount of compensation would be far greater than the contingency fee available under section 406(b).

plaintiff's retroactive benefits, which apparently has been withheld by the Commissioner from plaintiff's past due benefits for attorneys' fees. See 406(b) Petition at ¶ 27. Plaintiff's motion for these fees is unopposed.

After review of the record, I find that the amount requested pursuant to the retainer agreement is reasonable. Besides this action, Ms. Gottesman represented plaintiff in an earlier related action filed on January 14, 2000 seeking review of the same denial of benefits granted herein. See Rogers v. Apfel, 00-CV-0029 (RJD). In both actions, counsel filed memoranda on behalf of plaintiff opposing remand and seeking judgment on the pleadings. According to her time records, Ms. Gottesman worked a total of 94.9 hours litigating these two actions. See Petition for Attorney Fees Pursuant to 28 U.S.C. § 2412(d) (ct. doc. 27), Exh. 3. Even though Ms. Gottesman may be time barred from seeking fees under the EAJA for work performed in the earlier action, I find that almost all of the time claimed for work in both cases was reasonable. If Ms. Gottesman were compensated at the hourly rate available under the EAJA (rather than the higher prevailing rates in this district for attorneys with her 15 years' experience) for only 80% of her time, the amount of compensation would be far greater than the contingency fee available under section 406(b).

CONCLUSION

For the foregoing reasons, I respectfully recommend granting plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,782.50 or up to 25 percent of the benefits recovered. I further recommend that the Court direct that the stipulated fees received under the EAJA be remitted to plaintiff.

This report and recommendation will be electronically filed and notice electronically sent to the parties listed on this date. Any objections to this Report and Recommendation must be electronically filed, with a courtesy copy sent to Judge Dearie, by August 10, 2007. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 24, 2007

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE